ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-6528
   Facsimile:  (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 12-02496 PSG(DTBx) |
| Plaintiff, | **CONSENT JUDGMENT OF FORFEITURE** |
| vs. | |
| REAL PROPERTY LOCATED AT 1710 W. FOOTHILL BLVD., UPLAND, CALIFORNIA, (MAGNA & MAGNA), | |
| Defendant. | |
| MAGNA & MAGNA, INC., ORANGE COUNTY'S CREDIT UNION, | |
| Claimants. | |

This action was filed on March 23, 2012. Notice was given and published in accordance with law. Claimant and titleholder Magna & Magna, Inc. ("Magna") filed a claim on May 22, 2012. Claimant and lienholder Orange County's Credit Union ("OCCU"), filed a claim on May 25, 2012 and an answer on June 15, 2012, in conjunction with the loan in the original principal amount of $2,370,000.00 ("Loan"), as evidenced by a deed of trust to secure an indebtedness in the original amount of $2,370,000.00 that was recorded on May 15, 2008 in the San Bernardino County Recorder's Office as document no. 2008-0237968, in favor of OCCU. No other claims or answers have been filed, and the time for filing claims and answers has expired. On June 21, 2012, a Default by Clerk was entered as to G3 Holistic, Inc., Aaron Sandusky and John Nuckolls. Plaintiff United States of America ("the government"), Magna and OCCU have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against the defendant property, and hereby request that the Court enter this Consent Judgment of Forfeiture.

As used throughout, the following terms shall have the following meaning: (a) "defendant property" shall mean the defendant real property located at 1710 W. Foothill Blvd., in Upland, California; (b) "claimant's property" shall mean any real property that Magna owns, maintains, controls or manages, including, but not limited to, the defendant property; and (c) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting space to

a person or entity that sells or distributes marijuana or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates the sale or distribution of marijuana.

**THE COURT HAVING CONSIDERED THE REQUEST OF THE PARTIES, AND FINDING GOOD CAUSE THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

2. On March 23, 2012, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

3. Magna and OCCU filed claims to the defendant property. No other claimant has appeared in this action, and the time for filing claims has expired.

4. Notice of this action has been given in accordance with law. No appearances having been made in this action by any person other than Magna and OCCU, the Court deems that all other potential claimants admit the allegations of the Complaint to be true. The Complaint states a claim for relief pursuant to 21 U.S.C. § 881(a)(7).

5. Magna shall retain possession of and title to the defendant property, and in consideration thereof, Magna and OCCU agree to abide by the terms of this Agreement. Magna shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 6 below. If Magna fails to comply with any of the terms of paragraph 6, or if OCCU fails to comply with paragraph 7, or if applicable, paragraph 6,

the interest of the non-complying party or parties in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

6. Magna (and OCCU, if it becomes the owner of the defendant property under paragraph 7 below) shall not use or occupy the defendant property for any illegal purpose (as defined above), nor shall it allow the defendant property to be used or occupied, for any illegal purpose. Magna (and OCCU, if required under paragraph 7 below) shall take reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto resulting from any illegal purpose. Magna (and OCCU, if required under paragraph 7 below) shall not knowingly rent, lease or otherwise allow the use or occupancy of any of claimant's property to (a) any former tenant who used or occupied any of claimant's property for any illegal purpose; or (b) any person Magna (and OCCU, if required under paragraph 7 below) has reason to believe may use or occupy the claimant's property for any illegal purpose. Magna (and OCCU, if required under paragraph 7 below) shall not knowingly allow any of the claimant's property to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the claimant's property.[1]

7. In the event that OCCU becomes the owner of the defendant property whether as a result of foreclosure of the

---

[1] The government is currently informed and believes that there is no location of any claimant's property currently listed in any such publications.

1  deed of trust or otherwise, OCCU acknowledges that it will be
2  required to comply with the provisions of paragraph 6 above.
3       8.   In the event that Magna (or OCCU, if it becomes the
4  owner of the defendant property under paragraph 7 above) fails
5  to comply with any of the terms of paragraph 6 of this Consent
6  Judgment during the four (4) year period following the entry of
7  this judgment, the entirety of each non-complying claimant's
8  interest in the defendant property shall be condemned and
9  forfeited to the United States, subject to the "notice" and
10 "cure" provisions set forth below.  In the event of forfeiture,
11 the San Bernardino County Recorder shall index this Judgment in
12 the grantor index under the name of "Magna & Magna, Inc." and in
13 the grantee index in the name of the "United States of America."
14 If the government believes that Magna or OCCU has failed to
15 comply with any provision of paragraph 6, it shall provide
16 written notice of such failure to Magna and OCCU (as well as
17 their respective undersigned counsel), describing the provision
18 believed to have been violated.  Magna and/or OCCU shall have
19 fifteen (15) days from its receipt of such notice to cure the
20 violation.  In order to cure the violation, Magna and/or OCCU
21 shall immediately initiate steps which the government deems to
22 be sufficient to cure the violation (e.g., initiation of an
23 unlawful detainer action) and thereafter continue and complete
24 all reasonable and necessary steps to produce compliance as soon
25 as reasonably practicable.  If the violation is not cured within
26 the 15-day period by initiating such steps, the government shall
27 file a Notice of Non-Compliance and Forfeiture with the Court,
28 setting out the violation and the failure of Magna or OCCU to

timely cure the violation.  Magna and/or OCCU shall have fourteen (14) court days from the filing of the Notice to file a motion to seek relief from forfeiture, wherein the moving party may argue that, among other things, it is an "innocent owner" pursuant to 18 U.S.C. §983(d).  If such a motion is filed, the government shall take no further action with respect to the property until the motion has been determined.  If no such motion is timely filed, the defendant property shall be forfeited to the United States on the fifteenth (15th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise.  Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited to the government, Magna and OCCU agree that the United States Marshals Service may proceed to sell the defendant property.  Thereafter, the United States Marshals Service, or its representatives, shall promptly proceed to dispose of the

1 defendant property and to distribute any proceeds from the sale
2 in accordance with the law.
3   9.   Upon the filing of this Consent Judgment, the United
4 States Marshals Service, or its representatives, shall be
5 allowed to enter the defendant property for purposes of
6 inspection and inventory.  Such entry shall be permitted by
7 Magna and OCCU at a reasonable time to be agreed upon by the
8 parties.  Absent such agreement, the government may apply to the
9 Court for a writ of entry for purposes of protecting the
10 government's interests in the defendant property, in connection
11 with which Magna or OCCU may request a hearing.
12   10.  This consent judgment shall only be recorded in
13 accordance with the provisions of paragraph 8 above.
14   11.  The government shall immediately withdraw its recorded
15 lis pendens upon entry of this Consent Judgment.
16   12.  Except as otherwise set forth in this Consent
17 Judgment, Magna and OCCU have released the United States of
18 America, its agencies, agents, and officers, including, without
19 limitation, employees and other representatives of the Drug
20 Enforcement Administration, from any and all claims, defenses,
21 actions, or liabilities arising out of or related to this action
22 against the defendant real property, including, without
23 limitation, any and all claims for attorneys' fees, costs or
24 interest which may be asserted by them or on their behalf.
25   13.  As to this action only, each party shall bear its own
26 attorney's fees and costs, which  may be asserted on behalf of
27 the party, whether pursuant to 28 U.S.C. § 2465 or otherwise.
28

1   14.  The Court shall retain jurisdiction over this matter
2 to enforce the provisions of this Consent Judgment.
3   15.  All notices and other communications provided for in
4 this Consent Judgment shall be in writing and shall be effective
5 when given on the earliest of the following dates:  (i)  the
6 date when actually delivered if delivered in person to the
7 recipient; (ii)  on the first (1st) business day after depositing
8 such notice with a reputable independent nationally-recognized
9 overnight courier service addressed to the recipient as set
10 forth below; or (iii)  on the third (3rd) day after depositing
11 such notice in a sealed envelope in the United States mail,
12 postage prepaid, by registered or certified mail, return receipt
13 requested, addressed to, except as otherwise provided in this
14 Consent Judgment, the recipient at the address set forth below:
15 To the Government:  P. Greg Parham, Assistant U.S. Attorney,
16 Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los
17 Angeles, CA 90012.
18 To Magna: Joseph Magna, Magna & Magna, Inc., PO Box 1485,
19 Whittier, CA 90609, with a copy to Jeff Rubin, Esq: 5450 Trabuco
20 Road, Irvine, California 92680; e-mail address
21 jeff@barnettrubin.com.
22 To OCCU:  Russ Torge, 1701 East Saint Andrews Place, Santa Ana,
23 California, 92706; with a copy to James G. Morris, Esq., 2312
24 West Victory Boulevard, Burbank, California 91506.
25 Any notice so given by mail shall be deemed to have been given
26 as of the date of delivery (whether accepted or refused)
27 ///
28 ///

1 established by the U.S. Post Office return receipt or the
2 overnight courier's proof of delivery, as the case may be.

3
4 Dated: August 31, 2012         _____
                                 THE HONORABLE PHILIP S. GUTIERREZ
5                                UNITED STATES DISTRICT JUDGE
6

7 Approved as to Content:

8 DATED: August 28, 2012   ANDRÉ BIROTTE JR.
                           United States Attorney
9                          ROBERT E. DUGDALE
10                         Assistant United States Attorney
                           Chief, Criminal Division
11                         STEVEN R. WELK
12                         Assistant United States Attorney
                           Chief, Asset Forfeiture Section
13
                             /s/ P. Greg Parham
14                         _____
                           P. GREG PARHAM
                           Assistant United States Attorney
15
                           Attorneys for Plaintiff
16                         United States of America

17
   DATED: August 22, 2012   MAGNA & MAGNA, INC.
18
                            By:   ___/s/_____
19
                            Name: __Joseph A. Magna_____
20
                            Title: _President_____
21

22
   DATED: August 28, 2012   ORANGE COUNTY'S CREDIT UNION
23
                            By:   ____/s/_____
24
                            Name: __Russell Torge_____
25
                            Title: _Vice President_____
26

27

28

9

**Approved as to form:**

                                      BARNETT & RUBIN

DATED: August 22, 2012       /s/
                                      JEFFREY D. RUBIN
                                      Attorney for Claimant
                                      MAGNA & MAGNA, INC.


                                      MORRIS & ASSOCIATES

DATED: August 28, 2012       /s/
                                      WESTON B. ROCKERS
                                      Attorney for Claimant
                                      ORANGE COUNTY'S CREDIT UNION